Corrected and Amended

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
IN CLERK'S OFFICE
MAR 1 4 2016
U.S. DISTRICT COURT
MID. DIST. TENN.

Mark Halper )
    Plaintiff )
 )
v. ) Civil No. 3:15-cv-00374 - Refiling
 ) Judge Campbell
Sony/ATV Music Publishing et al ) Magistrate Judge Brown
 )
to include: )
EMI APRIL MUSIC Inc. )
GONE GATOR MUSIC )
POLYGRAM INTERNATIONAL TUNES, INC. )
SONY/ATV SONGS LLC )
STELLAR SONGS LTD. )
METHOD PAPERWORK LTD. )
SALLI ISAAK SONGS LTD. )
METHOD RECORDS )
CAPITOL RECORDS LTD. )
UNIVERSAL MUSIC GROUP )

REFILED COMPLAINT WITH REQUEST FOR JURY TRIAL

1. State the grounds for filing this case in Federal Court:
   Refiling after original complaint was dismissed without prejudice.
   Formal adjudication from the United States Court of Appeals for the Sixth Circuit regarding a landmark copyright infringement ruling in the case of Bridgeport Music, Inc. v. UMG Recordings, Inc. 585 F. 3d 267 (6th Cir. 2009), and an earlier landmark copyright infringement ruling in the case of Bridgeport Music, Inc. et al v. Dimension Films, et al, 2004 U.S. App. LEXIS 18810; 2004 FED App. 0297P (6th Cir.).

2. Plaintiff, Mark Halper
   3860 Sunshine Mesa Road; with mailing address P.O. Box 431; Town of Telluride
   County of San Miguel   State of Colorado   Zip Code 81435 Telephone Number (970 728-6880

3. Defendant, Sony/ATV Music Publishing LLC et al to include: EMI April Music Inc., Gone Gator Music, Polygram International Tunes, INC., Sony/ATV SONGS LLC, STELLAR SONGS LTD., and METHOD PAPERWORK LTD. whose office is located at 424 Church Street, City of Nashville, County of Davidson, State of Tennessee Zip Code 37219 Telephone Number (615) 743-1723.

STELLAR SONGS LIMITED c/o OJK LTD. office is located at 19 Portland Place; W1B1PX London W1B 1PX United Kingdom. METHOD PAPERWORK LTD. office is located at 16 Burke House; Daltson Square; London E8 3GW United Kingdom.

4. Plaintiff, Mark Halper was provided the opportunity to voluntarily dismiss without prejudice the original complaint for not having previously obtained a Certificate of Registration for the original song "Don't Throw Our Love Away" written by Plaintiff, Mark Halper prior to filing suit in U.S. District Court in a COMPLAINT dated April 2, 2015 which was filed April 6, 2015 and subsequently voluntarily dismissed without prejudice on July 23, 2015 by Todd J. Campbell, United States District Judge.

5. Plaintiff, Mark Halper has now completed formal registration with the United States Copyright Office and obtained a Certificate of Registration with Registration Number Pau003785645 from the Register of Copyrights with an Effective Date of Registration of July 09, 2015 for the original song "Don't Throw Our Love Away" written by Plaintiff, Mark Halper in 1984.

6. Statement of claim
Sam Smith, Capitol Records recording artist, used and replicated phraseology and significant phrase 'stay with me' eight (8) times in the body of his mega hit song "Stay With Me" thereby copying and infringing upon the original musical production of Plaintiff Mark Halper whose original song "Don't Throw Our Love Away" written in April 1984 and musically recorded as a demo in a Nashville studio in February 1986 and a second demo musically recorded in 2013 that began in line 1 with the phraseology and significant phrase 'stay with me' and continued in line 2 with the phraseology 'lay with me'.

7. Prayers for Relief
    a. Acknowledge contribution with co-songwriting credit for "Stay With Me" to include Plaintiff Mark Halper to be added to Samuel Smith, James Napier, and William Phillips for lyrics while acknowledging that following the out of court settlement as referenced above, Jeff Lynne and Tom Petty have been added to the songwriting credit of "Stay With Me".
    b. 28% royalty from single "Stay With Me" and the CD album "In the Lonely Hour" and the subsequent CD album "In the Lonely Hour" (Drowning Shadows Edition), produced and distributed by Capitol Records and publishing revenue containing the song "Stay With Me" which propelled the CD album to sales in excess of 2 million copies in both the US, the UK as well as many countries internationally with sales and revenue having been received through new technology to include, but not limited to downloading and streaming through Apple, YouTube, Amazon, iTunes, and Spotify as well as the previously considered four principal sources of revenue for compositions which include mechanical royalties, performance royalties, sale of sheet music & folios, and profits of record label(2).
    c. 28% financial compensation from the financial arrangement and compensation paid for use of the excerpt of the song "Stay With Me" with Sam Smith singing the phraseology and significant phrase 'stay with me' for a commercial promo for the Universal mini-series production of AD –The Bible Continues which began airing 3/30/15 during the episode of The Voice for the program set to begin airing Easter Sunday, 4/5/15 on NBC.

d. 28% financial compensation from the financial arrangement and compensation paid for use of the promo transition following a competitor's performance (Alex Boye) from America's Got Talent which aired 6/23/15.
e. Statutory damages for willful infringement as of February 23, 2015.
f. Recommendation by Defendants to include acknowledged songwriters as referenced above to the National Academy of Recording Arts & Sciences (NARAS) and Society of European Stage Authors and Composers (SESAC) to acknowledge and honor Mark Halper with presentation of a Grammy and SESAC award as co-writer of the lyrics of "Stay With Me".
g. Public apology by all Defendants noted within Sony/ATV Music Publishing LLC et al to Mark Halper in the music trade magazines to include Billboard, Variety, and Hollywood Reporter.

I certify under penalty of perjury that the above Petition is true to the best of my information, knowledge, and belief, and represents a true accounting of the factual developments surrounding this copyright infringement claim.

Therefore, Plaintiff asks that your Honor and the Court deny any future attempt to dismiss the copyright infringement claim as may be requested in a motion to dismiss by Defendants' attorney and find just cause to proceed to a jury trial on the merits herein referenced and duly noted.

Signed this 3rd day of March, 2016

*[signature: Mark Halper]*

Mark Halper

(Name and Signature of Plaintiff)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**PAu 3-785-645**

Effective Date of Registration:
July 09, 2015

## Title

- **Title of Work:** Don't Throw Our Love Away

## Completion/Publication

- **Year of Completion:** 1984

## Author

- **Author:** Mark Lewis Halper
- **Author Created:** words and music
- **Work made for hire:** No
- **Citizen of:** United States
- **Domiciled in:** United States
- **Year Born:** 1949

## Copyright Claimant

- **Copyright Claimant:** Mark Lewis Halper
  P.O. Box 431, 3860 Sunshine Mesa Road, Telluride, CO, United States

## Rights and Permissions

- **Name:** Mark Lewis Halper
- **Email:** sunshinemesa1@gmail.com
- **Telephone:** (970)728-6880
- **Address:** P.O. Box 431
  Telluride, CO 81435 United States

## Certification

- **Name:** Mark L. Halper
- **Date:** July 09, 2015

---

- **Correspondence:** Yes

Pleadings (Amended and Corrected)

Attorney for Defendants is going to submit a Motion To Dismiss arguing that Plaintiff cannot demonstrate that writers of the allegedly infringing work "Stay With Me" (Samuel Smith, James Napier, and William Phillips) had access to Plaintiff's original song "Don't Throw Our Love Away" and that Plaintiff has no basis to allege that his original song "Don't Throw Our Love Away" containing the phraseology 'stay with me' as used and replicated in line 1 and 'lay with me' as used and replicated in line 2 of Plaintiff's original song "Don't Throw Our Love Away" contains any protectable expression. The court would now be well served to take a short musical history tour back in time.

Back in February 1976, U.S. District Court Judge Richard Owens presided over Bright Tunes v. George Harrison and Apple Records. He subsequently ruled that a finding of plagiarism had occurred based on "subconscious copying" and that access had been obtained by George Harrison of the original song "He's So Fine" written by Ronnie Mac and recorded by the Chiffons through a "subconscious hearing" of the original song in an acceptable media form. The subsequent song "My Sweet Lord" written by George Harrison used and replicated the melody, chord progression, and rhythm of "He's So Fine". We are all aware that "My Sweet Lord" became an international mega hit for George Harrison based on a combination of the melody and rhythm and the repeated use of three (3) simple words, i.e. 'my sweet lord'. The appellate court ruled that the Copyright Act did not require a showing of intent to infringe in order to support a finding of infringement. While the above referenced case saw a verdict of damages with liability established against George Harrison and Apple Records for using and replicating the melody, chord progressions, and rhythm of "He's So Fine", history has also supported the relationship of the phraseology 'my sweet lord' as being indelible to the song "My Sweet Lord".

Now fast track to the release of the original song "Stay With Me". We now have the repeat of the scenario where the melody and chord progressions of the 1989 song "I Won't Back Down" written by Jeff Lynne and Tom Petty has found its way into the original song "Stay With Me" with the same melody and chord progressions, but with the rhythm slowed down. With that noted and supported, the two tracks were identical. Then on or about October 2014, but a delayed announcement in January 2015 of an out of court settlement being honorably negotiated and reached between (David Altschul, Attorney- not disclosed) Jeff Lynne and Tom Petty and (Simon Golding, Universal Music Publishing Group, not disclosed) on behalf of the songwriters, Samuel Smith, James Napier, and William Phillips) and the publishers (Universal Music Publishing Group and Sony/ATV Music Publishing LLC) whereby the writers of "I Won't Back Down" (Jeff Lynne and Tom Petty) were each given 12.5% of the earnings, income, publishing rights, streaming rights, and downloading rights as well as contributing songwriting credit to "Stay With Me" going forth. The issue of access was never formally made known, but it was widely known in the music industry that the same term, i.e. "subconsciously used and replicated" was presented by the writers of "Stay With Me" to avoid any legal admission of plagiarism.

Then less than three (3) months after the out of court settlement reached in October 2014 was announced in January 2015, Plaintiff's 92 year old mother sends a letter to her son with a news report of the out of court settlement between the writers and publishers of "Stay With Me" and Jeff Lynne and Tom Petty for the use and replicating of the melody and chord progressions from "I Won't Back Down" as now having been used and replicated in the mega hit "Stay With Me".

Plaintiff is now alleging that access to "Don't Throw Our Love Away" was gained in a similar form of media expression common to the music industry. In fact, two (2) demos of Don't Throw Our Love Away" were produced and widely disseminated to include some of the most successful music producers and recording artists of that time. The first demo was produced in 1986 and the second demo was produced in 2013 with two different arrangements and sung by two different female singers. In between, there was also a demo sung by a male singer. The cassette demo of "Don't Throw Our Love Away" was first produced and widely disseminated to some of the most successful music producers of that period (1986) to include Garth Fundis (3/7/86), Don Lanier (3/7/86), Brent Maher (3/7/86) Paul Worley (3/10/86), Rich Alves and Tom Collins (4/8/86), and Brian Rawlings (4/8/86) and also widely disseminated to some of the most successful recording artists and entertainers of that period (1986) to include Lee Greenwood (3/7/86), Don Williams (3/7/86), Reba McEntire (3/7/86), Crystal Gayle (4/9/86), Sylvia (4/9/86), Gary Morris (4/9/86), Barbara Mandrell (4/9/86), Ronnie Milsap (4/10/86), and Dolly Parton (1/8/90). The demo of "Don't Throw Our Love Away" was also sent to Marvin Hamlisch before he died. The third demo was produced and widely disseminated in 2013 to include one of the most successful music producers of that period (2013), Emilio Estefan via referral from a mutual friend of Gladys Passes whose name was Julio, and to include one of the most successful recording artists, Gloria Estefan via referral from that same mutual friend of Gladys Passes whose name was Julio.

Plaintiff would like to introduce the your Honor, the Court, and the jury to ps2. It stands for and represents the most modern way to look at the critical elements of this case and of a song which is the phraseology, significant phrase, and signature phrase. They are all intertwined like a tree with the roots, the trunk, the branches, and the leaves which every year fall off and germinate into creating new seeds. You don't usually see the seeds. They are carried by nature and the elements. You don't know where they are carried and ultimately wind up germinating and seeking its beautiful potential. The tremendous world-wide support to "Stay With Me" convincingly qualifies the phraseology, significant phrase, and signature phrase to be accepted as a blueprint to evaluate the elements of this case. The phraseology 'stay with me' has now become readily and instantly recognizable and forever engrained in the hearts, souls, and minds of music lovers around the world. To constitute infringement, a single line taken from a protected work would have to be an "integral part" of that work rather than "merely an incidental part of the background" and by analogy, as readily recognizable' in terms of its relationship.... As 'E.T. phone home' is to its movie source. Thus the copying of a relatively small but qualitatively important or crucial element can be an appropriate basis upon which to find

substantial similarity. See Baxter v MCA Inc., 812 F.2d 421, 425 (9th Cir. 1987)(citing Heim v. Universal Pictures Co. 154 F. 2d 480, 488 (2nd Cir. 1946) for the proposition that a single brief phrase so idiosyncratic as to preclude coincidence might suffice to show copying). In this case, we are not talking about substantial similarity. We are talking about the exact and identical phraseology and significant phrase 'stay with me' being used and replicated eight (8) times throughout the song "Stay With Me" and then the exact and identical phraseology 'lay with me" being used as a counterpart in "Stay With Me".

All told, 26% of the song "Stay With Me" represents use of and replication of the phraseology significant phrase of Plaintiff's original song "Don't Throw Our Love Away". Without the court and your Honor granting Plaintiff copyright infringement protection on the phraseology and significant phrase 'stay with me' (at the very least) and realistically to include the counterpart phraseology 'lay with me', the songwriters Samuel Smith, James Napier, William Phillips and now to include Tom Petty and Jeff Lynne will be in a strong legal position to exert control over and ownership of this phraseology significant phrase. Since "Don't Throw Our Love Away" was never published, without this copyright infringement protection, it is unlikely that any singer or publisher would proceed to record "Don't Throw Our Love Away", thus denying Plaintiff rightfully deserved marketing, retail sales, and promotional value. All recognition and revenue would continue to go directly to Samuel Smith, James Napier, William Phillips, Tom Petty, and Jeff Lynne through Sony/ATV Music Publishing LLC et al to include all the Defendants named in this lawsuit. This would hardly be just or honorable. Based on the tremendous response to "Stay With Me" and the phraseology significant phrase 'stay with me' there is sure to be translations and covering of "Stay With Me" in many different foreign languages and multiple marketing and promotional ventures using the phraseology and significant phrase 'stay with me'. In determining the applicability of the doctrine of fair use, courts consider the following statutory factors:
- The amount and substantiality of the portion used in relation to the copyrighted work as a whole
- The effect of the use upon the potential market for or value of the copyrighted work.

The Supreme Court has held that these statutory factors must be considered "in light of the purposes of copyright". Campbell v. Acuff-Rose Music, Inc. 510 U.S. 569, 578, 114 S.Ct. 1164, 127 L.Ed. 2nd 500 (1994).

(When a single line of a larger copyrighted work is appropriated by an alleged infringer, the test is whether 'the work is recognizable by an ordinary observer as having been taken from the copyrighted source'.") (quoting Universal Pictures Co. v Harold Lloyd Corp., 162 F.2d 354, 361 (9th Cir. 1947) (internal quotation marks omitted). Plaintiff's 92 year old mother Gladys Passes. writes that when she first heard "Stay With Me" she thought she was hearing her son's original song "Don't Throw Our Love Away" with the phraseology and significant phrase 'stay with me' and the subsequent phraseology 'lay with me'. Citing Whitney v. Ross Jungnickel, Inc. 179 F. Supp. 751, 753 (S.D.N.Y. 1960) ("Here, only two lines are claimed to have been appropriated

from plaintiff's lyric.... This would not prevent recovery if the lines claimed to have been appropriated constitute an important and vital part of the two compositions, rather than being merely incidental or trivial.")

"Don't Throw Our Love Away" begins in line 1 with the phraseology and significant phrase 'stay with me' and then continues in line 2 with the phraseology 'lay with me'. The phraseology and significant phrase 'stay with me' and the phraseology 'lay with me' was subsequently used and replicated in the alleged infringing song "Stay With Me". The songwriters of "Stay With Me" believed that the phraseology and significant phrase 'stay with me' was so critical to their song that it was included and sung by Sam Smith a total of eight (8) times.

Moreover, when producer Mark Burnett and his wife Roma Downey wanted a lead in promo for their then upcoming mini-series, "AD The Bible Continues" which aired on NBC last year, they negotiated with Sam Smith and the publishers of "Stay With Me" to have Sam Smith shown singing, just one time, the phraseology and significant phrase 'stay with me' edited from the video of "Stay With Me". Then on a promo transition following a competitor's performance on America's Got Talent, the producer of America's Got Talent showed a short excerpt of Sam Smith's "Stay With Me" video again presenting only the phraseology and significant phrase 'stay with me' and the phraseology 'lay with me'.

The tremendous success of "Stay With Me" both as a single and as part of a multi-platinum selling CD "In The Lonely Hour" having won multiple Grammys and SESAC music awards has placed the song "Stay With Me" forever engrained in the hearts of Sam Smith's fans and music lover around the world and the three (3) simple word phraseology 'stay with me' as being indelible to the song "Stay With Me". As a testament to this, the YouTube video of Sam Smith "Stay With Me" has received over 560,000,000 "hits" and continues to reach unbelievable listener support on YouTube, streaming, downloading, and CD sales. Plaintiff contends that the phraseology 'stay with me' and 'lay with me" first written by Plaintiff and appearing in his original 1984 song "Don't Throw Our Love Away" and subsequently copyrighted with Certificate of Registration, Registration Number Pau003785645 contains a protectable expression.

There are two (2) key elements most relevant to this case. The first is to understand what has occurred prior to the filing of the copyright infringement claim involving the phraseology contained in the first two lines of "Don't Throw Our Love Away" as previously originally written by Plaintiff, i.e. 'stay with me' and 'lay with me'. The second is to understand in fact that a willful infringement has been perpetuated by Defendant since the initial letter was sent by Plaintiff Mark Halper to Jeff Smaar, VP Global Copyright Administration, SONY ATV SONGS LLC the designated office for Sony/ATV Music Publishing LLC, advising them of a copyright infringement claim, and acknowledged by Jeff Smaar as being received on February 23, 2015. There was then the formal filing of the copyright infringement claim in Federal Court. From the very beginning, there has been a refusal and failure by Sony/ATV Music Publishing LLC to communicate with Plaintiff in any meaningful manner. It represents and clearly shows the

intent of the Defendants to deny and deprive the Plaintiff of any financial gain and recognition for that which he created while every entity and member associated with Defendants has received significant career and financial benefits and gain.

There is no way that the Defendants can provide any proof or validation to support their contention or claim that no member of songwriters or publishers, their related families, friends, or business associates ever had access to or heard Plaintiff's creative work as contained in the demo and lead sheet for Plaintiff's original song "Don't Throw Our Love Away" containing the indelible phraseology and significant phrase 'stay with me' and the phraseology 'lay with me'. On the contrary, in support of Plaintiff, Mark Halper, there is prior history of alleged copyright infringement by the songwriters and publishers of "Stay With Me" as well as case history to support the doctrine of "presumed access" as a result of the strong efforts of the Plaintiff to produce and significantly disseminate the two demos produced of "Don't Throw Our Love Away" to a number of the most successful record producers and recording artists of that time (1986 and 2013) as referenced above. In addition, due to the out of court settlement as referenced above, the honesty and truthfulness of the three (3) first noted songwriters of "Stay With Me", i.e. Samuel Smith, James Napier, and William Phillips along with the first noted publishers of "Stay With Me" i.e. Universal Music Publishing Group, Sony/ATV Music Publishing LLC, and Method Paperwork Ltd. must now be subject to serious doubt and question. They can no longer be considered above reproach.

Prepared and Acknowledged By:

_Mark Halper_  3/3/16

Mark Halper          Date