# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARK HALPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00567 |
| ) | Judge Steech / Frensley |
| SONY/ATV MUSIC PUBLISHING, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss for lack of personal jurisdiction filed by Defendants Stellar Songs Limited ("Stellar"), Salli Isaak Songs Limited ("Salli"), and Method Records Live LTD ("Method") pursuant to Fed. R. Civ. P. 12(b)(2). Docket No. 55. Defendants Stellar, Salli, and Method have contemporaneously filed a supporting Memorandum of Law (Docket No. 56), as well as the Declarations of James Sully (Docket No. 52), Timothy Major (Docket No. 53), and Richard Baskind (Docket No. 54). As grounds for their Motion, Defendants Stellar, Salli, and Method argue that they are limited liability companies established under the laws of the United Kingdom, whose principal places of business are in London, England. Docket No. 56. They maintain that they have no offices in Tennessee, no employees in Tennessee, no license to do business in Tennessee, and do not manufacture, distribute, license, or sell any products in Tennessee, such that they are not subject to general jurisdiction since they are not "at home" in Tennessee, nor are they subject to specific personal jurisdiction since they have not "purposefully availed" themselves of the privilege of doing business in Tennessee. *Id.*

Accordingly, Defendants Stellar, Salli, and Method that Plaintiff's claims against them should be dismissed for lack of personal jurisdiction.

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se action against Sony/ATV Music Publishing LLC, EMI April Music Inc., Gone Gator Music, Universal-Polygram International Tunes, Inc., Sony/ATV Songs LLC, Stellar Songs Ltd., Method Paperwork Ltd., Salli Isaak Songs Ltd., Method Records Live Ltd., Capitol Records Ltd., and UMG Recordings, alleging copyright infringement by Sam Smith's song "Stay With Me." Docket No. 1.[1]

For the reasons set forth below, the undersigned finds that this Court lacks personal jurisdiction over Defendants Stellar, Salli, and Method. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, that Plaintiff's claims against Defendants Stellar, Salli, and Method be DISMISSED, and that Defendants Stellar, Salli, and Method be TERMINATED as parties to this action.

## II. Law and Analysis

Because a court cannot decide a cause of action for which it lacks jurisdiction, the primary issue before the undersigned is whether the Court has jurisdiction over the instant Defendants, and therefore over Plaintiff's claims against them in this action. Plaintiff bears the burden of establishing jurisdiction over Defendants. *See, e.g., Intera Corp. v. Henderson*, 428

---

[1] Additionally, although Plaintiff names Capitol Records Ltd. as a Defendant in this action, Capitol Records Ltd. has not been served. Accordingly, Capitol Records Ltd. is not a party to this action. Furthermore, although a summons was issued to Method Paperwork Ltd. via mail to the Senior Master for the attention of the Foreign Process Section of the Royal Courts of Justice in London, England, there is no indication in the record that Method Paperwork Ltd. was ever actually served; and no attorney has made an appearance or filed anything on Method Paperwork Ltd.'s behalf.

F.3d 605, 615 (6th Cir. 2006).

With regard to the issue of jurisdiction, the instant Defendants have submitted the Declarations of James Sully, Timothy Major, and Richard Baskind. Docket Nos. 52-54. The jurisdictional facts are set forth below.

## A. Declaration of James Sully

Method is a limited liability company established under the laws of England and Wales, whose principal place of business is in London, England. Docket No. 52, ¶ 3. The summons issued for "Method Records Ltd." in this action was served at Flat 16 Burke House, Dalston Square, London E8 3GW. *Id.*, ¶ 6. Method, however, moved out of that location several years ago. *Id.* Further, there is no company called "Method Records Ltd." *Id.* As a result, Method did not receive timely notice of this action. *Id.*

Method does not own property in Tennessee; has no offices in Tennessee; has no license to do business in Tennessee; and does not manufacture, distribute, license, or sell any products in Tennessee. *Id.*, ¶ 5.

Method owns no interest in the musical composition or sound recording of "Stay With Me." *Id.*, ¶ 4.

## B. Declaration of Timothy Major

Stellar is a limited liability company established under the laws of England and Wales, whose principal place of business is in London, England. Docket No. 53, ¶ 3. Sony/ATV Music Publishing (UK) Limited is the exclusive administrator of the song catalogue of EMI Music Publishing Limited, which includes the right to administer exclusively Stellar's interest in the song "Stay With Me." *Id.*, ¶ 4.

3

The summons issued for Stellar in this action was served on OJK Limited, Stellar's accounting company. *Id.*, ¶ 7. The summons was served during the same period that David Cushion, the director responsible for Stellar's account, ended his employment with OJK Limited. *Id.* As a result of this employee turnover, the summons was misplaced. *Id.*

Stellar does not own property in Tennessee; has no offices in Tennessee; has no license to do business in Tennessee; and does not manufacture, distribute, license, or sell any products in Tennessee. *Id.*, ¶ 6. Stellar has not entered into a licensing or distribution agreement that affirmatively requires any third-party to distribute "Stay With Me" in Tennessee. *Id.*, ¶ 5.

## C. Declaration of Richard Baskind

Salli is a limited liability company established under the laws of the United Kingdom, whose principal place of business is in London, England. Docket No. 54, ¶ 3. A copy of the summons in this action was served on Salli's registered address. *Id.*, ¶ 7.

Universal Music Publishing Limited exclusively administers Salli's interest in the song "Stay With Me." *Id.*, ¶ 4.

Salli does not own property in Tennessee; has no offices in Tennessee; has no license to do business in Tennessee; and does not manufacture, distribute, license, or sell any products in Tennessee. *Id.*, ¶ 6. Salli has not entered into a licensing or distribution agreement that affirmatively requires any third-party to distribute "Stay With Me" in Tennessee. *Id.*, ¶ 5.

Based on Attorney Baskind's correspondence with Universal Music Publishing Limited and Sony/ATV Music Publishing (UK) Limited, Attorny Baskind mistakenly believed that the Motion to Dismiss filed in this matter had been filed on behalf of all Defendants, including Salli. *Id.*, ¶ 7. As a result, Attorney Baskind thought no further action was necessary for Salli to defend

this lawsuit. *Id.*

### D. Jurisdiction

#### 1. Generally

There are two forms of jurisdiction: general and personal. General jurisdiction exists when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)(internal quotation marks omitted). *See also, Daimler AG v. Bauman*, 134, S.Ct. 746, 761 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S.Ct. 2846, 2851 (2011). Personal jurisdiction exists when "a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Receiver of Assets of Mid-America Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 888 (M.D. Tenn. 2010). In the Sixth Circuit, personal jurisdiction exists when: (1) the defendant purposefully avails himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action arises from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See, e.g., Southern Mach. Co. v. Mohasco Industries Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

#### 2. The Case at Bar

The evidence in the case at bar demonstrates that each of the instant Defendants is a limited liability company established under the laws of England and Wales (the United

Kingdom), with its principal place of business in London, England. *See* Sully Dec., ¶ 3; Major Dec., ¶ 3; Baskind Dec., ¶ 3. The evidence of record further establishes that none of the instant Defendants own property in Tennessee; have offices in Tennessee; have a license to do business in Tennessee; or manufacture, distribute, license, or sell any products in Tennessee. *See* Sully Dec., ¶ 5; Major Dec., ¶ 6; Baskind Dec., ¶ 6. Thus, none of the instant Defendants have availed itself of the privilege of acting in Tennessee. Additionally, none of the instant Defendants' "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction" over any of them. Moreover, because the instant Defendants do not have "contacts with the forum," this lawsuit cannot "aris[e] out of" or be "related to" to any such Defendant "contacts with the forum." In the case at bar, there is simply not enough of a connection between the instant Defendants and Tennessee to make the exercise of either general or specific personal jurisdiction over the instant Defendants reasonable.

### III.  Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks personal jurisdiction over Defendants Stellar, Salli, and Method. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, that Plaintiff's claims against Defendants Stellar, Salli, and Method be DISMISSED, and that Defendants Stellar, Salli, and Method be TERMINATED as parties to this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

6

response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge