UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK HALPER,

    Plaintiff,

v.

SONY/ATV MUSIC
PUBLISHING, LLC, *et al.*,

    Defendants.
_____/

Case No. 3:16-cv-00567

Hon. George Caram Steeh
Hon. Jeffrey S. Frensley

OPINION AND ORDER ADOPTING IN PART
REPORT AND RECOMMENDATION AS MODIFIED

Before the court is Magistrate Judge Jeffrey S. Frensley's report and recommendation dated November 15, 2017. Magistrate Judge Frensley recommends that the court grant Defendants' motion to dismiss. Plaintiff submitted timely objections. For the reasons explained below, the court adopts the magistrate judge's report and recommendation in part and grants Defendants' motions to dismiss.

BACKGROUND FACTS

Plaintiff Mark Halper alleges that his copyright in the song "Don't Throw Our Love Away" is infringed by "Stay with Me," recorded by Sam Smith.[1] Plaintiff contends that he wrote "Don't Throw Our Love Away" in 1984 and recorded demos in 1986 and 2013, although Plaintiff concedes that the song was never published. Plaintiff states that he sent the demos to various recording artists and producers, including Emilio Estefan, Reba McEntire, Crystal Gayle, Barbara Mandrell, and Dolly Parton. Plaintiff argues that

---

[1] Each Defendant's role in the alleged infringement is not clear from the complaint.

the repeated use of the "significant" phrases "stay with me" and "lay with me" in the Sam Smith song infringes upon his copyright because the first verse of "Don't Throw Our Love Away" includes "stay with me" and "lay with me" in the first two lines. *See* Doc. 1 at ¶ 6. Plaintiff registered his copyright for "Don't Throw Our Love Away" in 2015.

## STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## LAW AND ANALYSIS

"To succeed in a copyright infringement action, a plaintiff must establish that he or she owns the copyrighted creation, and that the defendant copied it." *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). "[W]here there is no direct evidence of copying, a plaintiff may establish 'an inference of copying by showing (1) access to the allegedly-

infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue.'" *Id.*

The magistrate judge recommends that Defendants' motion to dismiss be granted for the following reasons: (1) Plaintiff did not own a copyright for "Don't Throw Our Love Away" at the time "Stay with Me" was released; (2) Plaintiff cannot demonstrate copying because he has not alleged that Defendants had access to "Don't Throw Our Love Away" or that it was widely disseminated; and (3) Plaintiff has not alleged that the songs are substantially or strikingly similar in composition or melody. Plaintiff objects to the magistrate judge's report and recommendation, focusing primarily on the issues of ownership and substantial similarity.[2]

In discussing the ownership requirement, the magistrate judge found that Defendants could not have infringed Plaintiff's copyright because Plaintiff did not register his copyright until after "Stay with Me" was released. The magistrate judge suggested that Plaintiff did not own the copyright in "Don't Throw Our Love Away" until he registered the copyright. As Plaintiff correctly argues, however, the date of copyright registration does not determine the date of copyright ownership. Although registration is a prerequisite to an infringement *suit, see* 17 U.S.C. § 411, the Copyright Act makes clear that a "registration is not a condition of copyright protection." 17 U.S.C. § 408(a). "A [c]opyright inheres in authorship and exists whether or not it is ever registered."

---

[2] In addition, Plaintiff complains of alleged unethical conduct on the part of defense counsel. The court sees no basis for these allegations, which are in any event irrelevant to the merits of Plaintiff's case. Plaintiff also asserts that the magistrate judge was biased against him, again without support, other than the magistrate judge did not rule in his favor. "Judicial rulings alone almost never constitute a valid basis for a finding of judicial bias." *United States v. Pointer*, 93 Fed. Appx. 752, 756 (6th Cir. 2004) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994)).

- 3 -

*Roberts v. Gordy*, 877 F.3d 1024, 1028–29 (11th Cir. 2017) (citation omitted). Having alleged that he wrote "Don't Throw Our Love Away," Plaintiff sufficiently alleges copyright ownership, which Defendants do not dispute. Accordingly, the court rejects the magistrate judge's conclusion in this regard. *See* Doc. 97 at 16.

The magistrate judge also found that Plaintiff did not sufficiently allege that Defendants had access to "Don't Throw Our Love Away." "Access is essentially hearing or having a reasonable opportunity to hear the plaintiff['s] work and thus having the opportunity to copy." *Murray Hill Publications, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004) (citation omitted). "Access may not be inferred through mere speculation or conjecture." *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999) (citation omitted). Plaintiff does not allege direct access by any of the Defendants, nor does he allege facts that would support a reasonable inference that Defendants had access. Plaintiff alleges that he sent demos to various individuals, but does not allege any connection between those individuals and Defendants. The court agrees that Plaintiff has not alleged that Defendants had a reasonable possibility of seeing or hearing Plaintiff's work prior to the release of "Stay with Me."

When a plaintiff is unable to show access, his copyright infringement claim may still succeed, but only if he can show more than a "substantial similarity" between the two works. *Murray Hill*, 361 F.3d at 317. Rather, Plaintiff must show a "striking similarity" between the songs at issue that "precludes the possibility of independent creation." *Id.*

Plaintiff contends that the songs are substantially or strikingly similar because "Stay with Me" repeats the phrases "stay with me" and "lay with me," which also appear

in "Don't Throw Our Love Away." *See* Doc. 1-1 (lyrics).  Although substantial similarity may be shown by the copying of a single line, such a line must be "an integral part" of the copied work and "as readily recognizable in terms of its relationship . . . as 'E.T. phone home' is to its movie source."  *Murray Hill Pubs. v. ABC Communications, Inc.*, 264 F.3d 622, 633 (6th Cir. 2001), *abrogated on other grounds by Reed Elsevier Inc. v. Muchnick*, 559 U.S. 154 (2010); *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 275 (6th Cir. 2009).

On the other hand, it is well established that common phrases are not eligible for copyright protection, which requires a minimal level of originality.  *Pendleton v. Acuff-Rose Publications, Inc.*, 605 F. Supp. 477, 486 (M.D. Tenn. 1984) ("Courts have consistently held that common words and clichéd language are not subject to copyright protection.").  *See also Acuff-Rose Music, Inc. v. Jostens*, 155 F.3d 140, 143 (2d Cir. 1998) (holding that phrase "you've got to stand for something, or you'll fall for anything" lacks originality and is not protected); *Prunty v. Vivendi*, 130 F. Supp. 3d 385, 390 (D.D.C. 2015) (phrase "keys to the kingdom" not protected); *Edwards v. Raymond*, 22 F. Supp.3d 293, 298-99 (S.D.N.Y. 2014) (phrase "caught up" not protected); *Peters v. West*, 776 F. Supp.2d 742, 749-50 (N.D. Ill. 2011) ("that which does not kill us makes us stronger" and "couldn't wait no longer" not protected); *Puckett v. Hernandez*, 2016 WL 7647555 at *5 (C.D. Cal. Dec. 21, 2016) (phrases "I would die for you baby" and "you won't/didn't do the same" not protected). The phrases "stay with me" and "lay with me" fall into the "common phrase" category, not the idiosyncratic, "E.T. phone home" category, and are not protectable.  Plaintiff has not alleged a substantial, let alone striking, similarity between the protectable elements of his song and "Stay with Me." *See*

Docs. 1 and 1-1. Accordingly, he has failed to allege a plausible claim of copyright infringement.

CONCLUSION

IT IS HEREBY ORDERED that Magistrate Judge Frensley's report and recommendation (Doc. 97) is ADOPTED IN PART AS MODIFIED by this opinion and order.

IT IS FURTHER ORDERED that Defendants' motion to dismiss (Doc. 25) is GRANTED for the reasons stated above.


Dated: August 17, 2018              s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE